Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

COUNSEL FOR LAURIE DAHL REA,
CHAPTER 7 TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **FDF ENERGY SERVICES LLC,** | § | **CASE NO. 24-40967-mxm7** |
| | § | |
| *Debtor*. | § | |
| | § | |

## EMERGENCY MOTION TO DISMISS CASE

**TO THE HONORABLE MARK X. MULLIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Laurie Dahl Rea, Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") files this *Emergency Motion to Dismiss Case* (the "Motion") seeking an order dismissing this case pursuant to 11 U.S.C §§ 105, 704, and 707(a) on the following grounds:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this Motion under 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND AND RELIEF REQUESTED

2. On March 22, 2024, FDF Energy Services, LLC (the "Debtor") commenced this chapter 7 case in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Laurie Dahl Rea was appointed as the Chapter 7 Trustee.

3. Prior to filing bankruptcy, the Debtor operated in the oil and gas services industry, providing cleaning services such as drilling rig mud system cleaning, storage tank cleaning and hydro-excavating, amongst others, to oil and gas operators along the gulf coast. The Debtor also provided diesel and synthetic based muds to be used in exploration and production operations. In total, the Debtor ran five (5) separate facilities across Texas and Louisiana, located in Victoria and Odessa, Texas, and Logansport, Crowley and Port Fourchon (Donner), Louisiana, respectively. It is the Trustee's understanding that all but one of the locations was owned by the Debtor. The Port Fourchon, Louisiana site was leased.

4. Substantially all of the Debtor's assets are subject to a blanket lien in favor of PNC Bank, National Association as administrative agent (in such capacity the "Agent") for the Lenders.[1] The only assets not encumbered by the Lender and Agent's secured interest are a few titled trailers and trucks of minimal value, commercial tort claims, chapter 5 causes of action, and potential claims against the Debtor's directors and officers insurance policy.

5. On April 8, 2024, pursuant to agreement by the Trustee, Agent, and Lenders, the Court entered the *Stipulation and Agreed Order by and Among the Chapter 7 Trustee and Secured Lenders Regarding Emergency Use of Cash Collateral* [Dkt. No. 24] (the "First Stipulation"), whereby the Court authorized the use of the Lenders' cash collateral for limited

---

[1] (i) PNC Bank, National Association; (ii) Steel City Capital Funding; (iii) Cerberus ASRS Funding, LLC; (iv) Cerberus AUS Levered Holdings III, LLC; (v) Cerberus AUS Levered Holdings, L.P.; (vi) Cerberus ICQ Levered Loan Opportunities Fund, L.P.; (vii) Cerberus KRS Levered Loan Opportunities Fund, L.P.; (viii) Cerberus Levered Loan Opportunities Fund II, L.P.; (ix) Cerberus N-1 Funding LLC; (x) Cerberus Offshore Levered Loan Opportunities Master Fund II, L.P.; and (xi) Cerberus SWC Levered Holdings, L.P. shall be referred to, collectively herein, as the "Lenders."

purposes, including cleaning up certain environmental issues at the Debtor's facilities in Logansport and Port Fourchon Louisiana.[2]

6. Since entry of the First Stipulation, the Trustee and her professionals have worked diligently to understand the full extent of the Debtor's assets, any further potential environmental liabilities, and what will be required to efficiently and effectively administer the bankruptcy estate. This endeavor has included site visits to each of the Debtor's five locations throughout Texas and Louisiana, as well as extensive discussion with former employees.

7. In performing the above investigation, the estate incurred various reasonable and necessary administrative expenses and professional fees that benefited the Agent and Lenders by preserving the value of their collateral.

8. Unfortunately, the Trustee, the Agent, and the Lenders have been unable to reach an agreement on a comprehensive funding agreement, which would be necessary for the Trustee to (i) purchase general liability insurance, (ii) address ongoing environmental issues, (iii) pay for utilities necessary to ensure continued utility services at the Debtor's various locations, (iv) preserve the electronic data of the Debtor including access to Debtor's historical IT and accounting system, (v) perform routine maintenance and security at the Debtor's Logansport, Louisiana facility necessary to preserve the value of equipment and inventory, and (vi) pay for assistance from former employees necessary to accomplish the forgoing.

9. Although the Trustee has identified a few potential assets that might have value for the benefit unsecured creditors, without funding to preserve the books and records or to pursue the litigation necessary to liquidate those assets, the Trustee cannot pursue administration of those assets. Moreover, there is a high likelihood that any funds recovered from the

---

[2] When operating, the Debtor dealt with hazardous materials and waste at its various locations – in some instances, hazardous material remains onsite. Unfortunately, there is no security at the various locations and currently no property or general liability insurance on the properties.

**TRUSTEE'S EMERGENCY MOTION TO DISMISS** Page 3 of 7

unencumbered assets would be subject to claims of various government environmental regulatory agencies including the Texas Commission on Environmental Quality ("TCEQ") and the Louisiana Department of Environmental Quality ("LDEQ"). While the Trustee used funds from the First Stipulation to remedy certain immediate environmental concerns, hazardous materials and waste remain at most of the Debtor's facilities.

10. Accordingly, the Trustee cannot comply with her duties under section 704 of the Bankruptcy Code.

11. Further, the Trustee seemingly has no ability to abandon the burdensome assets of this estate under the Supreme Court's decision in *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494 (1986). The TCEQ, LDEQ, and the United States trustee have indicated they would oppose abandonment of the Lender's collateral. The TCEQ has also indicated that it will oppose the Lenders' request for stay relief.

12. Since the Petition Date, the estate has incurred the following reasonable and necessary professional fees and administrative expenses to investigate and preserve the value of the assets:

   a. $42,199.25 for the work performed post-petition by former employees;
   b. $14,520.00 for Harney Partners[3] for its work in the chapter 7 cases;
   c. $3,000.00 still owed to Total Energy Services for Logansport environmental clean-up authorized by the First Stipulation;
   d. $100,000.00 to Rochelle McCullough as partial compensation and reimbursement of expenses;
   e. $19,100.00 as chapter 7 trustee commission (this is an rough approximation of the Trustee's commission under § 326 for all disbursements made to date and outlined above). A copy of the Trustee's Form 2 reflecting disbursements made to date is attached as Exhibit A.

13. These administrative expenses and professional fees, including the Trustee's commission on amounts disbursed, total $178,909.25.

---

[3] On or about May 15, 2024 the Trustee filed a motion seeking employment of Harney Partners to act as her Financial Advisor in this case [Dkt. No. 40].

**TRUSTEE'S EMERGENCY MOTION TO DISMISS**

14. The Trustee is currently holding $13,984.11 in her trustee account. These funds are subject to the Lenders' and Agent's blanket lien on assets.

15. The Lenders would need to transfer an additional $164,925.14 to pay for the outstanding administrative expenses and professional fees. If the Lenders do not agree to make this payment, the Trustee requests that the Court order them to pay it, to the extent possible, as the fees and expenses were incurred to preserve the Lenders' collateral.

16. The Trustee requests authority to pay the administrative expenses and professional fees without further application to the Court for approval of such fees and expenses.

17. Although the UST would oppose abandonment, the UST has indicated that it will not oppose dismissal of this case. As of the filing of this Motion, the LDEQ and TXEQ have not taken a position regarding dismissal.

18. As there are insufficient funds available to the Trustee to comply with her duties under section 704 of the Bankruptcy Code and the continuation of this case carries risk to the estate and to the public, the Trustee submits that it is in the best interest of all parties-in-interest to have this case dismissed upon the payment of administrative expenses and professional fees as outlined above.

19. Contemporaneously herewith, the Trustee is filing a motion requesting the Court hear this motion on an expedited basis at the status conference that is currently set for Tuesday May 7, 2024 at 2:30 pm.

WHEREFORE, the Trustee respectfully request the Court enter an order (i) directing the Lenders to make the above requested payment for administrative expenses and professional fees, most of which have been incurred to preserve their collateral, (ii) authorizing the Trustee to pay the administrative expenses and professional fees without further application to or order from the

Court, (iii) dismissing this case and (iv) granting the Trustee all other just and proper relief.

Dated: May 3, 2024.

*/s/ Shannon S. Thomas*
Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

COUNSEL FOR LAURIE DAHL REA,
CHAPTER 7 TRUSTEE

# **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served upon all parties registered to receive ECF notification in this case, as well as on the below-listed parties via email on May 3, 2024.

Regina Stango Kelbon
B. Nelson Sproat
BLANK ROME LLP
Email: regina.kelbon@blankrome.com
nelson.sproat@blankrome.com

Scott R. Cheatham (TBN) 24050406
Richard Aguilar
ADAMS AND REESE LLP
Email: Scott.cheatham@arlaw.com
richard.aguilar@arlaw.com

*Counsel for PNC Bank, National Association and Steel City Capital Funding*

Adam C. Harris (*pro hac vice* forthcoming)
Email: adam.harris@srz.com

*Counsel to Cerberus ASRS Funding, LLC, Cerberus AUS Levered Holdings III, LLC, Cerberus AUS Levered Holdings, L.P., Cerberus ICQ Levered Loan Opportunities Fund, L.P., Cerberus KRS Levered Loan Opportunities Fund, L.P., Cerberus Levered Loan Opportunities Fund II, L.P., Cerberus N-1 Funding LLC, Cerberus Offshore Levered Loan Opportunities Master Fund II, L.P., and Cerberus SWC Levered Holdings, L.P.*

Lisa Lambert, U.S. Trustee's Office
Email: lisa.l.lambert@usdoj.gov

Erin Schmidt, U.S. Trustee's Office
Email: Erin.Schmidt2@usdoj.gov

Susan Hersh, U.S. Trustee's Office
Email: Susan.Hersh@usdoj.gov

Daniel Cristina, LDEQ
Daniel.Cristina@la.gov

Mike Daniels, LDEQ
Mike.Daniela@la.gov

Roma Desai, Texas AG for the TCEQ
Roma.Desai@oag.texas.gov

Sean Flynn, Texas AG for the TCEQ
Sean.Flynn@oag.texas.gov

                                      /s/ *Shannon S. Thomas*
                                      Shannon S. Thomas